Tarek Mentouri
4110 Idaho Avenue
Nashville, TN 37209
Phone: (770) 895-5046
Email: Tmento01@gmail.com

Plaintiff, Pro Se

RECEIVED
NOV 19 2021
US DISTRICT COURT
MID DIST TENN

03-21 0876

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

TAREK MENTOURI,

    Plaintiff,

vs.

MASSAGE LUXE INTERNATIONAL, LLC;
DOES 1 THROUGH 100.

    Defendants

Case No.:

**COMPLAINT FOR DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITY ACT OF 1990**

**42 U.S.C.§ 12101**

**(JURY DEMAND)**

### BACKGROUND

Plaintiff, Tarek Mentouri ("Tarek") is a person with a disability.[1] Plaintiff's disabilities are recognized as a disability under the *Americans with Disability Act of 1990.*[2]

---

[1] Aspergers and Tourette's Syndrome

[2] https://www.eeoc.gov/statutes/titles-i-and-v-americans-disabilities-act-1990-ada

During the Summer of 2020, Tarek went to Defendants' Nashville, Tennessee franchise location and received a one (1) hour introductory discounted rate[3]. After the original session, Tarek and MassageLuxe entered into an Agreement in which Tarek was charged $65 per month and was to receive a one- hour massage or facial.

Thereafter, Tarek scheduled a one-hour massage and requested a male. Following the massage, Tarek was sent to a female esthetician of a one-hour facial. During the facial, the esthetician exited the room. Shortly thereafter, a male entered the room and instructed Tarek to leave. Afterwards, Tarek attempted to follow-up with the Manager (Rebecca), who suggested that Tarek would be accommodated by placing him with a different esthetician.

Therefore, Tarek scheduled an appointment for November 5, 2020. However, one-hour before his scheduled appointment, he received a call that he would not be welcomed at the MassageLuxe Spa. Several hours later, the Manager (Rebecca) telephoned Tarek to inform him that they had done a further investigation[4], and a higher level executive for MassageLuxe Spa had made a decision that Tarek was not allowed to return to MassageLuxe Spa.

Tarek had NOT violated any Spa Rules or Regulations.[5]

**PARTIES**

Plaintiff is a resident of Nashville, Tennessee and has been such a resident throughout the time of the events leading to this Complaint.

---

[3] For a massage.

[4] Without any input from Tarek.

[5] https://massageluxe.com/rules-regulations/

MassageLuxe Spa, through their franchise is engaged in doing business in this jurisdiction.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 28 U.S.C § 1332.

Venue and personal jurisdiction in this District are proper because Plaintiff resides in the District, and the acts in controversy occurred within this District. Additionally, Defendants do and transact business within this District.

## FACTUAL ALLEGATIONS

Tarek was and continues to be denied services from MassageLuxe due to Tarek's constitutionally protected rights as a person with a disability.

## POINTS & AUTHORITIES

**FINDINGS AND PURPOSES**

SEC. 12101. *[Section 2]*

(a) Findings. - The Congress finds that-

(1) **physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental disabilities have been**

**precluded from doing so because of discrimination; others who have a record of a disability or are regarded as having a disability also have been subjected to discrimination;**

(2) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(3) discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(4) unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination;

(5) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities;

(6) census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally;

(7) the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals; and

(8) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

(b) Purpose. - It is the purpose of this chapter-

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

## **PRAYER FOR RELIEF**

Plaintiff respectfully prays for the following relief:

1. An award of appropriate compensatory and punitive damages under the ADA and Rehabilitation Act.

2. Any other relief that this Honorable Court deems appropriate.

3. A TRIAL BY JURY IS HEREBY DEMANDED.

**Dated: November 9, 2021**

*Tarek Isaak Mentouri*

Tarek Mentouri, Plaintiff Pro Se

489271-12-5-PRI
Tarek Mentouri
4110 Idaho Ave
Nashville, TN 37209

Presorted
First-Class Mail
U.S. Postage Paid
C2M LLC
22202

I****************************SNGLP 480

U.S. Courthouse
Estes Kefauver Federal Building
801 Broadway Ste 800
Nashville, TN 37203-3869

RECEIVED
NOV 19 2021
US DISTRICT COURT
MID DIST TENN